Reads, J.
 

 Whether one partner has the right to sell out the whole of the partnership effects,
 
 without the consent
 
 of his copartner; and if he has, whether he has the right to sell the whole or any part,
 
 against the known ivill
 
 of the other partner; and if he has this for
 
 some purposes,
 
 whether he has for
 
 all purposes,
 
 without fraud; are some of the interesting questions which were discussed at the bar. But it is unnecessary to decide them, because we are satisfied that the transfer in this case, though absolute in terms, was only intended to be, and therefore can operate only as, a security for the debts of the copartnership — that is, the debt to Salomonsky & Co., and the other debts assumed by them, which comprises, as was admitted at the bar, all the debts of the copartnership of Farriss & Lack. To this extent the
 
 *179
 
 transfer was legitimate and proper, because it enured to the benefit of both partners; and to this extent it will be upheld. That it was not an ordinary out-and-out sale is apparent from the fact that there was an
 
 unknown quantity
 
 of goods of various kinds, and of debts due the firm by notes and open accounts, and they were all lumped together at a given price — that is, at precisely the amount of the debts of the firm. We could not regard such a transaction as an absolute sale, without attaching to it a badge of fraud against the non-assenting partner. But so far as it is for the common advantage of both partners, and for the legitimate purpose of paying the debts of the firm, it will be upheld. And if, after paying the debts, there shall be a surplus, it will belong to the members of the firm.
 
 Peeler
 
 v. Barringer, Win. Eq., 5.
 

 Salomonsky is a non-resident, and if allowed to take away the effects conveyed to him, beyond the jurisdiction of' the court, the complainant’s loss might be irreparable. The injunction therefore ought to be continued to the hearing, and there ought to be a receiver appointed to sell the goods and collect the debts.
 

 It is unnecessaryat this time to decide the rights of the complainants as among themselves.
 

 There is error in the decretal order dissolving the injunction. ' Let this opinion be certified to the court below, to the end that the order may be reversed and the injunction continued until the hearing.
 

 Per Curiam.
 

 Decretal order reversed with costs.